J. J. LAMBDEN, assignee of THOMAS W. RECORDS, Sheriff *vs.* NOBLE CONOWAY, Jr., Adm'r. of NOBLE CONOWAY, dec'd.

A replevin bond conditioned to appear and prosecute the suit to effect, and to indemnify the sheriff; held *good*, though the statutory condition is to prosecute the suit with effect, and satisfy any judgment which shall be given against the plaintiff in replevin.

If a condition be part conformable to the statute, and another part not required by the statute; it is valid for the part which is good, unless the statute expressly annuls such bond.

The sheriff, having assigned a replevin bond, is a competent witness in a suit by the assignee upon such bond.

SUSSEX, Spring term, 1848. This was an action on a replevin bond taken on a distress for rent. The pleas were:—1. Non est factum. 2. That the condition of the bond was not conformable to the statute. The plaintiff replied and took issue on the first plea; and demurred to the second.

Plaintiff proved the execution of the bond of Noble Conoway to the sheriff, with William B. King as surety, dated January 22, 1844, and conditioned "that William B. King shall appear before the Superior Court, &c., &c., &c., and shall then and there prosecute his action of replevin with effect, against Joshua J. Lambden and Daniel Hearn, for the following property, viz:—two horses, &c. &c., which Joshua G. Lambden and Daniel Hearn took and unjustly detain, as it is said; and shall further keep harmless the sheriff aforesaid, or his deputy, for replevying the above named property of the value aforesaid, and shall not depart from said court without leave, &c."

The bond was drawn and interlined by Mr. Fisher, the prothonotary, filled up Noble Conoway, jr., and signed by the parties by mark, and attested by Mr. Fisher. He had no recollection of the

facts, but proved the signature and handwriting, both of the body of the bond and the signatures of the parties. He did not recollect whether the paper was signed by Noble Conoway, junior, or senior. He remembered that he had seen the elder Conoway and William B. King in his office, at that term of the court.

Thomas W. Records, late sheriff, was called and objected to, because he was liable over to the assignee if the bond was insufficient; and also because it was not admissible to prove any thing about the execution of the bond by any one but the attesting witnesses.

*By the Court.*—We think, that the taking an assignment of the replevin bond from the sheriff releases him. If it does not, the party may now release him. As to the other question, it is competent for the party to call other evidence of the execution, in support of the attesting witnesses.

He proved the execution of the bond by Noble Conoway, and explained certain erasures and interlineations which were made before signing.

Plaintiff then put in the record of the replevin suit; in which there was judgment for the defendants.

Messrs. *Layton* and *McFee,* for the defendant, made the following points. Dig. 364, see. 7, furnishes the condition of a replevin bond. It requires the condition to be, that if William B. King, at whose suit the replevin is issued, or his executors, &c., shall prosecute said suit with effect, and shall fully and without delay satisfy any judgment which shall be given against the said Wm. B. King, or his executor, &c., in said suit, then, &c.

This bond is not even substantially the same. All defences should be pleaded specially. (2 *Saund. Pl. & Ev.* 770, 290.) Defendant is at liberty to deny any thing material in the narr. (1 *Chitty Pl.* 478-9; 1 *Saund. Rep.*; 2 *ib.* 59, 60, *n.* 3; 1 *U. S. Dig.* 180, § 428, § 430.) If a statutory bond contain one term not according to the statute, the whole is void. (*Cro. Eliz.* 529; 2 *T. Rep.* 569; 7 *T. Rep.* 105-7; 1 *ib.* 418; 8 *Bing. Rep.* 371; 4 *East Rep.* 568; 6 *Taunt. Rep.* 551; 2 *Saund. Rep.* 59, 60, *n.* 3.)

This bond differs from the statute in these respects; 1. It requires the appearance of the defendant, which the statute does not. 2. It does not require him to pay and satisfy any judgment to be rendered against the plaintiff in replevin, which the statute does.

*The Court*, without hearing the other side, sustained the bond; having fully considered this question in *State, use of Hazzard* vs. *Layton*. (4 *Harr. Rep.* 412.)

Exception prayed and granted.